Viñas, Demandante y Apelante, *v.* Gandía & Co. et al.,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre tercería de bienes inmuebles.

No. 1602.—Resuelto en mayo 12, 1917.

Tercería de Dominio—Falta de Causa de Acción.—No expresa una causa de acción una demanda de tercería en la que el tercerista simplemente alega que la propiedad embargada le pertenece y que solicita de la corte que así lo declare.

Id.—Demanda—Cuestiones Abstractas—Defectos Suplidos en la Contestación.—Aun cuando la mera alegación de cuestiones abstractas en una demanda no es favorecida por las cortes, si el demandado demuestra con su contestación que sabe exactamente lo que se trata de obtener en la demanda haciendo una historia de la controversia entre las partes, ya que eso es todo lo que exige la ley con respecto a la formación de una cuestión legal, suple en esa forma los defectos o deficiencias que contenga la demanda, y quedan éstos subsanados.

Id.—Perturbación en la Posesión.—En una demanda sobre tercería de bienes inmuebles no es necesario alegar que el demandante ha sido perturbado en la posesión de que disfruta, u otro elemento parecido.

ID.—ELIMINACIÓN DE LA CONTESTACIÓN.—En un pleito de tercería la corte está justificada en declarar sin lugar una moción presentada por el demandante para que se elimine la contestación del demandado cuando en ésta se refieren las medidas adoptadas por el demandado para acreditar el dominio de las fincas embargadas.

ID.—GRAVÁMENES POR SENTENCIA—ASIENTOS EN EL ÍNDICE.—Cuando del registro consta la existencia de un gravamen por sentencia, aun cuando el asiento hecho en el índice no sea tan completo como debiera ser, es suficiente para que del mismo quede notificado un tercerista sin que sea necesario hacerle ninguna otra notificación.

SENTENCIA FINAL—SENTENCIA FIRME.—Una sentencia final, a diferencia de una sentencia firme, es la dictada por el tribunal inferior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mercader.*

Abogado de los apelados Gandía & Co.: *Sr. Antonio Suliveres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta apelación envuelve en sus méritos un supuesto conflicto entre los derechos de dos acreedores. Si se examinan los autos y los alegatos se verá que tanto la corte como los abogados pasan a considerar los verdaderos méritos aunque cada una de las partes levanta cuestiones técnicas sobre las alegaciones y el procedimiento.

Se alega en favor del apelado, y la corte debidamente llegó a esa conclusión, que la demanda no expresaba una causa de acción. Convenimos con la corte inferior en que un tercerista que dice simplemente que una propiedad que ha sido embargada le pertenece y que pide a la corte que declare que dicha propiedad así le pertenece, no expresa una causa de acción. Convenimos también con la corte, en que la presentación de meras cuestiones abstractas no será favorecida en apelación. Hemos resuelto, sin embargo, que cuando en una contestación se suplen los defectos de una demanda, quedan subsanadas dichas deficiencias y defectos. *Olivieri et al.* v. *Mck. Jones,* 17 D. P. R. 1163, y casos citados. *Domínguez* v. *Porto Rico Railway, Light & Power Company,* 19 D. P. R. 1101. En este caso aparecía de la contestación la historia

completa de la controversia entre las partes, o sea que el apelado había obtenido una sentencia contra el deudor Francisco S. Alonso; que la inscribió en el libro registro de sentencias del registro, llevando el asiento al índice de acuerdo con la ley de 1906, estableciéndose así un gravamen; que el apelante inició una acción contra el mismo deudor y obtuvo una sentencia a su favor sin ninguna oposición; que él procedió a la ejecución de dicha finca envuelta en la acción y que ésta fué vendida a él. No podemos estar de acuerdo, en vista de estos hechos, con que el apelante no tenía derecho a seguir adelante con su acción. El demandado demostró con su contestación que sabía exactamente lo que se trataba de obtener con la demanda, y eso es todo lo que exige la ley con respecto a la formación de una cuestión legal.

La corte sentenciadora se equivoca al resolver que el apelante no tenía derecho a entablar una acción para que se declaren nulos los procedimientos seguidos por el apelado respecto a la finca en cuestión y por virtud de los cuales había obtenido el apelado un gravamen inscrito. La corte sustentaba la teoría de que el apelante debió haber alegado alguna perturbación de su posesión, u otro elemento parecido. Creemos que si la reclamación del demandante era justa, éste tenía derecho a establecer una acción para vencer todos los obstáculos que se oponían al libre goce de su propiedad. En los Estados Unidos la acción se conoce familiarmente como acción para hacer desaparecer un defecto en el título (*to remove a cloud on the title*).

El apelante en contra de su propio interés, como creemos que así fué si su reclamación era justa, presentó una moción para que fuera eliminada la contestación. En la contestación se referían las medidas adoptadas por el apelado para acreditar el dominio de la finca, como hemos dicho, y la corte estuvo justificada en declarar sin lugar la moción de eliminación.

Creemos que estuvo correcta la corte en su consideración sobre los méritos. El apelado había obtenido anteriormente una sentencia a su favor, su inscripción en el registro, constituyéndose de este modo un gravamen y el apelante quedó obligado por la anotación de dicha sentencia. Verdad es que el asiento hecho en el índice a favor del apelado no es tan completo como debiera ser, pero era suficiente para que quedara notificado el apelante. No era necesario hacer ninguna otra notificación al apelante. La situación creada por la ley de 1906 es muy diferente a la anotación preventiva de una demanda de acuerdo con el artículo 71 de la Ley Hipotecaria.

De conformidad con la ley de 1906 sostenemos que los defectos en el índice, así como el dejar de poner el signo de peso antes de la supuesta suma de la reclamación por sentencia, no podía afectar al apelante. Las cifras aparecían en el índice en la columna reservada para ese objeto.

También convenimos con el apelado en que Francisco Alonso y Francisco S. Alonso son nombres idénticos para los fines de este pleito.

El apelante sostiene que la sentencia final fué la dictada en apelación por este tribunal confirmando la de la corte inferior. En esto se equivoca el apelante. En varios casos hemos resuelto que una sentencia final a diferencia de una sentencia firme, es la sentencia dictada por la corte inferior. *Vázquez et al.* v. *Vázquez et al.,* 15 D. P. R. 291; *Buxó et al.* v. *Buxó et al.,* 18 D. P. R. 190; *Fajardo Sugar Company* v. *Santiago,* 19 D. P. R. 1151.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asodos del Toro, Aldrey y Hutchison.